IN THE MATTER OF: B.H. & T.B., Minor Children.
No. COA09-597
Court of Appeals of North Carolina
Filed October 6, 2009
This case not for publication
Buncombe County Department of Social Services, by Charlotte W. Nallan, for Petitioner-Appellee.
Betsy J. Wolfenden, for Respondent-Appellant Father. Michael N. Tousey, for the Guardian ad Litem.
BEASLEY, Judge.
Respondent appeals from the 18 December 2008 Adjudication and Disposition Orders adjudicating BH[1] as neglected and abused and T.B. as neglected. Respondent is the biological father of T.B., and the step-father of B.H. L.B., the mother of the minor children, and W.H., the biological father of B.H., are Respondents in the underlying juvenile actions, but are not parties to this appeal. We reverse in part and remand in part.
The Buncombe County Department of Social Services (Petitioner) became involved with the minor children in May 2002 when it received a Child Protective Services (CPS) report involving B.H. During the investigation, Petitioner learned that Respondent, who was living with the children's mother, was a convicted sex offender. Petitioner received CPS reports involving one or both of the minor children in 2003, 2004, 2005, and 2007. Petitioner did not substantiate sexual abuse in 2003 or 2004. In 2004, however, because there were issues of domestic violence between Respondent and Respondent mother, who were now married, the family was referred for in-home services. On 11 March 2005, Petitioner received a report that "respondent mother and Mr. B. engaged in domestic violence while the minor child and her sibling were in the home." Petitioner substantiated the report and provided in-home services to the family.
On 25 April 2007, Petitioner received a report that the "minor child [had] reported that her step-brother had been touching her private parts." Petitioner substantiated the report and determined that the family was in need of services. Pursuant to the investigation that revealed that the minor child was sexually abused by her step-brother, Petitioner was notified by Haywood County Department of Social Services that it had substantiated a report of sexual abused by Respondent on J., Respondent's daughter from one of his previous marriages.
On 1 April 2008, Petitioner received another report alleging that Respondent sexually abused B.H. During the investigation, Petitioner substantiated the allegations of sexual abuse as to B.H. and made an immediate plan for kinship placement, placing B.H. and T.B. with their maternal aunt, E.G. Over the weekend of 7 and 8 June 2008, Respondent and the mother attempted to remove B.H. and T.B from the kinship placement. On 9 June 2009, Petitioner filed juvenile petitions alleging neglect as to T.B. and abuse and neglect as to B.H. By order entered 10 June 2008, the trial court granted Petitioner non-secure custody of the minor children and sanctioned placement of B.H. and T.B. remaining with E.G. and her husband, D.G.
The trial court held a hearing on the juvenile petitions on 20-23 October and 10 and 14 November 2008. On 18 December 2008, the trial court entered adjudication and disposition orders for each minor child. The trial court concluded that B.H. was abused and neglected and that T.B. was neglected. The trial court ordered that legal and physical custody of the minor children remain with Petitioner. The trial court also conducted the permanency planning hearing ordering guardianship with relatives and relieving Petitioner of reunification efforts with Respondent. Respondent filed notice of appeal on 20 January 2009.
The sole issue Respondent presents on appeal is whether the trial court erred by conducting the permanency planning hearing immediately following the adjudication and disposition hearings without providing notice of the permanency planning hearing to the Respondent. We first note that Respondent does not challenge the adjudication orders or the disposition orders concluding that it is in the best interests of the minor children to remain in the custody of Petitioner and ceasing reunification efforts. These portions of the orders are affirmed.
We do, however, agree with Respondent that the trial court erred in establishing a permanent plan for the minor children in the disposition orders and reverse the orders in part and remand for a hearing on the minor children's permanent plan in accordance with N.C. Gen. Stat. § 7B-907 (2007). In In re D.C., C.C, 183 N.C. App. 344, 644 S.E.2d 640 (2007), this Court reversed the portion of the trial court's disposition order establishing guardianship as the permanent plan and appointing a guardian for the juveniles, "[b]ecause N.C. Gen. Stat. §§ 7B-507 and 907 do not permit the trial court to enter a permanent plan for a juvenile during disposition, respondent did not have statutorily required notice that the trial court would consider a permanent plan for [the minor child], and the trial court did not make findings mandated by sections 7B-907(b), (c), and (f)[.]" Id. at 356, 644 S.E.2d at 646-47. In the instant case, as in In re D.C., Respondent did not have the statutorily required notice at the disposition hearing that the trial court would also order a permanent plan for the minor children. Accordingly, we reverse the trial court's orders only as to the establishment of a permanent plan for the minor children, and remand for a permanency planning hearing and entry of an order in accordance with N.C. Gen. Stat. § 7B-907.
Additionally, Respondent argues that he was prejudiced by the trial court's order ceasing reunification efforts following the adjudication and disposition hearings because it prevented him from preserving his right to appeal the cessation of reunification efforts. N.C. Gen. Stat. § 7B-507 (2007) of the North Carolina Juvenile Code provides:
(b) In any order placing a juvenile in the custody or placement responsibility of a county department of social services, whether an order for continued nonsecure custody, a dispositional order, or a review order, the court may direct that reasonable efforts to eliminate the need for placement of the juvenile shall not be required or shall cease. . . .
(c) . . . At any hearing at which the court finds and orders that reasonable efforts to reunify a family shall cease, the affected parent . . . may give notice to preserve the parent['s] . . . right to appeal the finding and order in accordance with G.S. 7B-1001(a)(5).
(emphasis added). Section 7B-507(c) provides for the preservation of a Respondent's right to appeal the cessation of reunification efforts when mandated in an order from which a respondent would not otherwise have a right to appeal. A respondent would be limited as to the time by which he could appeal the cessation of reunification efforts when the respondent otherwise would not have a right to appeal the order, as delineated in N.C. Gen. Stat. § 7B-1001(a)(5) (2007). That limitation does not exist in the case before us. The Juvenile Code specifically permits the cessation of reunification efforts in disposition orders, and a respondent has a right to appeal initial disposition orders. N.C. Gen. Stat. § 7B-1001(a)(3) (2007). Accordingly, the trial court did not err by including the cessation of reunification efforts in its disposition orders, or curtail Respondent's right to appeal the cessation of reunification efforts. We note that Respondent assigned the trial court's cessation of reunification efforts as error in the record on appeal, but has abandoned this assignment of error by not arguing it in his brief. ("Assignments of error not set out in the appellant's brief, or in support of which no reason or argument is stated or authority cited, will be taken as abandoned.") N.C.R. App. P. 28(b)(6).
Affirmed in part; reversed and remanded in part.
Judges GEER and HUNTER, JR. concur.
Report per Rule 30(e).
NOTES
[1] Initials are used throughout to protect the identity of the minor children.